# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WEDDLE, | CASE NO. 1:11-cv-00434-SKO PC |
|       Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| A. AMENDARY, | (Doc. 1) |
|       Defendant. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Christopher Weddle, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 15, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1 allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
2 Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
3 omitted).

4     Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
5 liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
6 higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
7 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
8 allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
9 Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572
10 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not
11 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal,
12 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

13 **II.     Discussion**

14     **A.     Allegations**

15     Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, California,
16 brings this suit against A. Amendary, a prison law library employee, for violating his rights under
17 the United States Constitution.  Plaintiff alleges that he was denied access to the prison law library
18 and he missed his deadline to file an appeal as a result.

19     **B.     Denial of Access to the Courts**

20     Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
21 federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092
22 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
23 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each
24 defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at __, 129 S.Ct.
25 at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City
26 of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

27     Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518
28 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011);

1 Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

According to Plaintiff's exhibits, he was sentenced on July 16, 2010, and he had an appeal deadline of September 16, 2010.  Although Plaintiff alleges generally that he missed his filing deadline because he was not allowed to go to the law library, Plaintiff's complaint is devoid of any allegations supporting a claim that he was unable to commence an appeal and he thereby lost his opportunity to litigate his conviction or sentence. Harbury, 536 U.S. at 413-16.

In addition to Plaintiff's failure to allege sufficient facts to state a plausible claim, the Court takes judicial notice of the fact that on February 1, 2012, the Second District Court of Appeal denied Plaintiff's direct appeal from the judgment of the Los Angeles Superior Court in People v. Weddle, No. B226368, 2012 WL 286837 (Cal.App. 2 Dist., 2012).  That appeal related directly to Plaintiff's criminal conviction following a jury trial which commenced in May 2010, and Plaintiff was represented by counsel for the appeal. Id.  A claim in this action that Plaintiff suffered an actual injury by being shut out of court because he missed his September 16, 2010, appeal deadline is not supportable under these circumstances.

Plaintiff's complaint fails to state a claim under section 1983 for denial of access to the courts.  Because these deficiencies are not capable of being cured through amendment, dismissal without leave to amend is appropriate. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.   Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and

///

///

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:   March 14, 2012**                              /s/ Sheila K. Oberto
                UNITED STATES MAGISTRATE JUDGE